IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 NOV -2 PM 2:42

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN. MEMPHIS

| | | |
|---|---|---|
| JULIE L. THOMAS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2800-DP |
| METHODIST HEALTHCARE AND METHODIST HEALTHCARE MEMPHIS HOSPITALS, AND RANDALL "RANDY" SECREASE, | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is the motion (dkt. # 20) of Defendants Methodist Healthcare and Methodist Healthcare Memphis Hospitals ("Defendants") for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Julie L. Thomas ("Plaintiff") asserts claims for hostile work environment sexual harassment and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*[1] For the following reasons, Defendant's motion for summary judgment is **GRANTED** in part and **DENIED** in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff has been employed by Defendants since 1989. She is a Level II CT Technologist,

---

[1] Plaintiff's claim for unlawful sex discrimination in violation of the Tennessee Human Rights Act was dismissed by this Court's Order Granting Defendant's Motion for Partial Dismissal, dated May 28, 2004.

[2] For purposes of this motion, the Court accepts these facts to be true. They are taken from the complaint, Defendants' motion for summary judgment, and Plaintiff's response to Defendants' motion for summary judgment.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____



working in the radiology department of Defendants' Methodist North Hospital since July of 2000. Defendant Randall Secrease ("Secrease") often worked in the same area with Plaintiff.

Secrease received his first written corrective action on November 20, 1997, for inappropriate behavior, specifically, cursing. The corrective action form stated that Secrease would be terminated if there was a need for further corrective action. Seven months later, in May of 1998, a female employee, Stacy Vickers ("Vickers"), reported to her manager, Sherry Kasaitis ("Kasaitis"), that Secrease bumped his chest against hers and called her a "cunt." Vickers also spoke with another manager, Gary Britt ("Britt"), who asked Vickers if she wanted Secrease fired. Vickers declined because she was new and did not want to start trouble.

Secrease received his second written corrective action on August 4, 2000, for licking the ear of a nurse, Charlotte Pankey, at the bedside of a patient. The managers decided not to terminate Secrease, nor did they counsel him concerning Methodist's sexual harassment policy.

Beginning in 2000, when Plaintiff transferred to Methodist North, Secrease made sexually offensive comments and gestures to her on numerous occasions. For example, on one such occasion in 2000 or 2001, Secrease restrained Plaintiff in her chair and placed his groin in her face while making sexual comments. He repeatedly made comments to her about the size of his penis and his sexual prowess. On two occasions, Secrease licked Plaintiff's face, once in October of 2001, and once in February of 2002. Prior to the second face-licking incident, on January 29, 2002, Secrease received his third written corrective action for "inappropriate behavior and comments." That action was the result of Mary McNally reporting that Secrease had assaulted her by lying on top of her when she was sleeping and restraining her. As with the others, the third action stated that if further action was required, Secrease would be terminated. Although McNally had been told that Secrease would be terminated, he received the third action and was placed on a four-day suspension.

2

Within a few days of Secrease's return from his suspension, Plaintiff's second face-licking incident occurred.

Plaintiff reported all of the incidents to her supervisors. Plaintiff began to turn down the opportunity to work on call because it would mean additional time working with Secrease with fewer employees present. Following the second face-licking incident, Secrease resigned on February 16, 2002.

On March 1, 2002, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which issued a determination on March 11, 2003, that Defendants violated Title VII. Plaintiff alleges that, in addition to the loss of income, she has suffered humiliation, physical illness, and emotional distress.

Plaintiff filed her complaint with this Court on October 28, 2003. Defendants filed the instant motion for summary judgment, pursuant to Fed. R. Civ. P. 56, on August 1, 2005.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why

3

it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. 1998).

Facts must be presented to the court for evaluation. Kalamazoo River Study Group v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., Federal Practice and Procedure § 2721, at 40 (2d ed. 1998). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. Kalamazoo River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

4

### III. ANALYSIS

A. Hostile Work Environment

Defendants argue that plaintiff's claim of sexual harassment should be dismissed, because, as a matter of law, the conduct about which Plaintiff complained was of insufficient severity to create a hostile work environment. To prevail on her hostile work environment claim against Defendants, Plaintiff must show that,

> (1) she is a member of a protected class; (2) she was subject to unwelcomed sexual harassment; (3) the harassment was based on her sex; (4) the harassment unreasonably interfered with her work performance and created a hostile work environment; and (5) [Defendant] "knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action."

Blankenship v. Parke Care Centers, Inc., 123 F.3d 868, 872 (6th Cir. 1997) (quoting Fleenor v. Hewitt Soap Co., 81 F.3d 48, 50 (6th Cir. 1996)). Defendants assert that Plaintiff's allegations, even if true, fail to establish the fourth and fifth elements of this test.

Workplace conduct with sexual overtones is not always actionable as harassment under Title VII. Meritor Savs. Bank v. Vinson, 477 U.S. 57, 67 (1986). To be actionable, the harassment must be "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." Id. (citation and internal quotations omitted). This is to be judged by both an objective and a subjective standard. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22 (1993). The conduct must be objectively severe or pervasive enough such that a reasonable person would find the environment hostile and the victim must subjectively regard the work environment as hostile. Id.

Whether a workplace environment is objectively hostile or abusive should be determined by examining the totality of the circumstances. Id. at 23. "[That] may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere

5

offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. Simple teasing, offhand comments, and isolated incidents, unless extremely serious, will not amount to discriminatory changes in the terms and conditions of employment. Faragher v. City of Boca Raton, 528 U.S. 775, 788 (1998). Isolated incidents alone must be extremely serious to amount to discriminatory changes in the terms or conditions of employment. Morris v. Oldham County Fiscal Court, 201 F.3d 784, 790 (6th Cir. 2000) (holding that offensive sexual advance was not sufficiently serious to create a hostile environment); Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) ("[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."). Whether Defendants' alleged action is objectively hostile or abusive enough to be actionable under Title VII is to be judged from the viewpoint of a reasonable woman standing in Plaintiff's shoes. See Yates v. Avco Corp., 819 F.2d 630, 637 (6th Cir. 1987).

Plaintiff has come forward with sufficient evidence to raise a triable issue with respect to the existence of a hostile work environment. In considering the Harris factors delineated above, Secrease's behavior was both severe and pervasive. See e.g. Williams v. General Motors Corp., 187 F.3d 553, 563 (6th Cir. 1999) (allegations of sexual remarks, foul language, and pranks raise a question of fact for the jury); Greenwood v. Delphi Automotive Systems, Inc., 257 F.Supp.2d 1047, 1032 (S.D.Ohio 2003) (finding that numerous sexual remarks and an unwelcome massage over a two-month period were sufficiently severe and pervasive). Secrease repeatedly made sexually-offensive and vulgar comments and gestures to Plaintiff. Moreover, Plaintiff has alleged that Secrease assaulted her by licking her face on two occasions and by restraining her in a chair while placing his groin in her face. Furthermore, Plaintiff has alleged that Secrease harassed and terrorized many women on numerous occasions. "[E]pisodes of harassment concerning other women are probative to plaintiff's experience in a hostile work environment, even if not directed at plaintiff herself." Wanchik v. Great Lakes Health Plan, Inc.,

6

6 Fed.Appx. 252, 262 (6th Cir. 2001). Plaintiff's allegations are thus sufficient to create a genuine issue of material fact as to whether there was a hostile work environment. See Abeita v. Transamerica Mailings, Inc., 159 F.3d 246, 252 (6th Cir. 1998) (finding that conduct was sufficient to survive summary judgment on a hostile work environment claim where the conduct was alleged to be continuous and commonplace). See also, Hickman v. Laskodi, 45 Fed.Appx. 451, 455 (finding that a single incident in which a supervisor physically threatened an employee because of her sex was sufficiently severe to objectively constitute harassment).

Even after a hostile work environment has been established, in order for the Court to find an employer liable for the sexual harassment of an employee by a coworker, the fifth element of the analysis requires that the harassed employee show that the employer knew or should have known of the harassment and failed to take prompt and appropriate corrective action. McCombs v. Meijer, Inc., 395 F.3d 346, 354 (6th Cir. 2005).

Plaintiff contends that Defendant was cognizant of Secrease's aberrant behavior before he ever directed it toward Plaintiff and was aware of Secrease's continuing sexually-harassing conduct directed to Plaintiff and others. Furthermore, Plaintiff maintains that informing the lead CT technologists was sufficient for the Court to impute knowledge to Defendants. As noted above, Defendants were aware of numerous incidents of harassment by Secrease against many different women prior to Plaintiffs' complaints of sexual harassment by Secrease. Plaintiff repeatedly reported the harassment to the lead CT technologists, whom she considered to be her supervisors. She believed that she was following proper protocol. Moreover, Gary Britt ("Britt"), a member of management, admitted that he would expect that the lead CT technologists would advise management of harassment if they learned of it. Thus, Plaintiff has raised a genuine issue of material fact as to whether Defendants either knew or should have known of Secrease's behavior.

7

When allegations of sexual harassment involve a coworker and the employer has fashioned a response, "the employer will only be liable 'if its response manifests indifference or unreasonableness in light of the facts the employer knew or should have known.'" McCombs, 395 F.3d at 355, quoting Blankenship, 123 F.3d at 873. Therefore, an employer who implements a remedy can be liable for sex discrimination in violation of Title VII only if that remedy exhibits such indifference as to indicate an attitude of permissiveness that amounts to discrimination. Id.

In the instant case, Plaintiff has alleged that Defendant was aware of Secrease's repeated harassments and assaults on the women with whom he worked. Britt allegedly admitted that he nearly terminated Secrease on three occasions and should have, but refrained because he felt sorry for Secrease because of personal problems Secrease was having. Prior to Plaintiff's complaints, Secrease had been warned and written up on more than one occasion because of repeated incidents of sexual harassment of women. Furthermore, Plaintiff complained to her supervisors about each incident of harassment. Moreover, when the offensive behavior is sufficiently pervasive, as here, the Court may impute constructive notice to an employer because it should have known of the conduct. See Jackson v. Quanex Corp., 191 F.3d 647, 663 (6th Cir. 1999).

Plaintiff has sufficiently established that Secrease followed a clear pattern of harassment and assault of women about which Defendant knew or should have known. Although Defendant warned Secrease and gave him written corrective actions, the behavior did not stop and women continued to be terrorized and harassed. Thus, a genuine issue of material fact has been raised as to whether Defendants negligently failed to take reasonable measures to put a stop to the harassment or exhibited such indifference as to indicate an attitude of permissiveness that amounts to discrimination. Accordingly, Defendants' motion for summary judgment on Plaintiff's sexual harassment claim is denied.

8

### B. Retaliation

Defendant next contends that Plaintiff has not established a *prima facie* case of retaliation. Plaintiff agrees that summary judgment is appropriate with respect to her claim of retaliation. Accordingly, Defendants' motion for summary judgment as to Plaintiff's retaliation claim is granted.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' motion for summary judgment as to Plaintiff's retaliation claim and **DENIES** Defendants' motion for summary judgment as to Plaintiff's hostile work environment claim.

**IT IS SO ORDERED** this 2nd day of November, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 34 in case 2:03-CV-02800 was distributed by fax, mail, or direct printing on November 3, 2005 to the parties listed.

---

David P. Jaqua
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Donald A. Donati
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

William B. Ryan
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

Jessica A. Neal
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC- Memphis
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

W. Polk Tillman
LAW OFFICE OF W. POLK TILLMAN
5090 Mill Branch Rd.
Ste. 2
Memphis, TN 38130--036

Honorable Bernice Donald
US DISTRICT COURT